CAPUANO v. ITALIAN IMPORTING CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. SALES (§ 205*)—PASSING OF TITLE.

Where defendant bought goods and paid for them under an agreement that the vendor should at the end of the season take back at a certain price any not sold, title passed to defendant at time of delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 559; Dec. Dig. § 205.*]

2. SALES (§ 300*)—CREATION OF LIEN—PERSON ENTITLED.

Where defendant bought and paid for goods from A. under an agreement that those not sold by defendant at the end of the season should be received back at a certain price, defendant might, on A.'s refusal to receive back goods, elect to rescind, or to treat the goods as belonging to A. and sue for the price, and, having so elected to sue, was entitled, under Sales Act (Laws 1911, c. 571) § 134, to a vendor's lien.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 856, 860; Dec. Dig. § 300.*]

3. SALES (§ 313*)—VENDOR'S LIEN—RELEASE OR ESTOPPEL.

Where defendant purchased goods from A. under agreement that A. should receive back at a certain price those not sold at the end of the season, on A.'s refusal, defendant was entitled to a lien thereon, which was not released by his statement that the goods were at A.'s disposal, nor was he estopped to assert such lien thereby.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 870, 872, 878–884; Dec. Dig. § 313.*]

4. SALES (§ 313*)—VENDOR'S LIEN—WAIVER.

Where defendant bought goods under agreement that the seller should receive back at a certain price those not sold at the end of the season, on the seller's refusal, defendant's right to a vendor's lien was not lost, under Sales Act, § 137, by suit against the seller for the contract price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 870, 872, 878–884; Dec. Dig. § 313.*]

Appeal from City Court of New York, Trial Term.

Replevin by Guiseppe Capuano against the Italian Importing Company of New York. From judgment for defendant, and from an order denying new trial, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Cohen Bros., of New York City (Joseph W. Umans, of New York City, on the brief, and Laurence B. Cohen, of New York City, of counsel), for appellant.

Robson & Simpson, of New York City (Ely Simpson, of New York City, of counsel), for respondent.

PENDLETON, J. The action is in replevin. The answer is a general denial, and sets up as a separate affirmative defense an alleged vendor's lien on the goods and the right to possession thereunder. It was apparently conceded at the trial, and nothing to the contrary is now claimed, that defendant bought the goods, with others, from one Andreis, and paid for them under an agreement that any not sold by the end of the season Andreis would take back and pay defendant therefor the invoice price, plus any duty paid. At the end of the season the goods in question remained unsold, and defendant demanded of Andreis under the agreement payment therefor of the invoice price, plus the duty paid. Andreis refused, and defendant thereupon brought suit against Andreis for the agreed price, and recovered judgment for the full amount. Plaintiff claims title to the goods under an alleged purchase from Andreis subsequent to the entry of the above judgment.

[1, 2] That title to these goods passed to defendant at the time of their delivery to it under the original agreement with Andreis seems clear. On the latter's refusal to take back the goods and pay the agreed invoice price and duty paid, defendant could rescind and sue. for the difference between the agreed price and their value as damages (section 142, Sales Act; article 5, Personal Property Law [Laws 1911, c. 571]), or treat the goods as belonging to Andreis and sue to recover the contract price. If it elected to pursue the former course, title remaining in it, plaintiff took nothing by the assignment from Andreis and cannot recover. As matter of fact, it chose the latter, as an examination of the judgment roll introduced in evidence shows. In thus suing it treated Andreis as a vendee, and was entitled to a vendor's lien until the purchase price was paid (section 134, Sales Act), unless it had lost the right to assert the lien, either (1) by an agreement. to release it, which must have been a valid agreement for a consideration; or (2) by representations which had estopped it from asserting a lien; or (3) by acts so inconsistent with the lien as to show an election on its part to waive the lien and rely on another and inconsistent right or remedy.

[3] As to any agreement, the only possible evidence was the alleged statements that the goods were at Mr. Andries' disposal. These were without consideration, and could not constitute a valid agreement. They could not work an estoppel, as for that purpose it is essential to show that the representations were made to the person asserting the estoppel, that they were intended to be relied on, and were in fact relied on, and a change of position. There is nothing to show here

that they were made to plaintiff, or intended for him, or that he ever heard of or relied thereon.

[4] The suit brought against Andreis was not a waiver of the lien (section 137, Sales Act). It is no more inconsistent with, or a waiver of, a lien than a suit on a note secured by collateral, or on a bond secured by a mortgage. There was, therefore, no evidence of waiver, and plaintiff's request to go to the jury on that question was properly denied, and the direction of a verdict for defendant was proper.

Judgment affirmed, with costs. All concur.